
07/13/2010

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MIRA VISTA VILLAS, L.L.C., | § | CASE NO. 10-42223 -11 |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| MIRA VISTA OAK GATE, L.L.C., | § | CASE NO. 10-42224-11 |
| | § | |
| Debtor. | § | |
| | § | |

## ORDER GRANTING MOTION FOR ORDER DIRECTING PROCEDURAL JOINT ADMINISTRATION OF AFFILIATED DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015 AND LOCAL RULE OF BANKRUPTCY PROCEDURE 1015

Upon consideration of the Motion for Order Directing Procedural Joint Administration of Affiliated Debtors Pursuant to Federal Rule of Bankruptcy Procedure 1015 and Local Rule of Bankruptcy Procedure 1015 (the "Motion") filed by Mira Vista Villas, L.L.C. ("Vista") and Mira Vista Oak Gate, L.L.C. ("Oaks") (collectively, the "Debtors"), debtors and debtors-in-possession, in the above-captioned bankruptcy cases.

The Court finds that due and adequate notice of the Motion was given upon (a) the Office of the United States Trustee; (b) the Debtors' 20 largest unsecured creditors; (c) the Debtor's secured lender; and (d) any notices of appearance.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court further finds that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The Court further finds that venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408.

**ORDER GRANTING MOTION FOR ORDER DIRECTING PROCEDURAL JOINT ADMINISTRATION OF AFFILIATED DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015 AND LOCAL RULE OF BANKRUPTCY PROCEDURE 1015– PAGE 1**

It is therefore

ORDERED that the Motion is GRANTED. It is further

ORDERED that the following cases shall be jointly administered: Mira Vista Villas, L.L.C, Case No. 10-42223-11 and Mira Vista Oak Gate, L.L.C., Case No. 10-42224-11. It is further

ORDERED that the caption of these jointly administered cases is hereby modified to reflect the joint administration of the Chapter 11 cases as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MIRA VISTA VILLAS, L.L.C., | § | CASE NO. 10-42223-11 |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| MIRA VISTA OAK GATE, L.L.C., | § | CASE NO. 10-42224-11 |
| | § | |
| Debtor. | § | Jointly Administered under |
| | § | CASE NO. 10-42223-11 |

It is further

ORDERED that the Clerk of Court is hereby directed to enter a notation on the docket sheet of the Debtors in substantially the following form to reflect the joint administration of the cases:

> An order has been entered directing the procedural consolidation and joint administration of Mira Vista Villas, L.L.C, Case No. 10-42223-11 and Mira Vista Oak Gate, L.L.C., Case No. 10-42224-11 in accordance with Federal Rule of Bankruptcy Procedure 1015(b). The docket for Mira Vista Villas, L.L.C, Case No. 10-42223-11 should be consulted for all matters affecting these cases.

**ORDER GRANTING MOTION FOR ORDER DIRECTING PROCEDURAL JOINT ADMINISTRATION OF AFFILIATED DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015 AND LOCAL RULE OF BANKRUPTCY PROCEDURE 1015– PAGE 2**

It is further

    ORDERED that:

    a. One docket shall be maintained for the Debtors' cases, under the case number assigned to Mira Vista Villas, L.L.C.;

    b. All pleadings, orders and other papers filed shall be captioned with the style reflected above, and shall reflect that the cases are jointly administered under the case number assigned to Mira Vista Villas, L.L.C.;

    c. The United States Trustee shall conduct joint informal meetings with the Debtors, if required, and hold a joint first meeting of creditors;

    d. Counsel for Debtors shall prepare and maintain one Official Service List pursuant to any motion for order establishing notice procedures and limiting notice;

    e. Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

    f. Proofs of claim filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

    g. Separate claims registers shall be maintained for each Debtor; and

    h. Separate monthly operating reports shall be filed for each Debtor in the jointly administered case number and on such consolidated docket.

It is further

ORDERED that nothing contained herein shall be considered to change the separate legal nature of the Debtors, nor shall this Order have any effect upon the substantive proceedings of the cases. This Order does not constitute any substantive consolidation of the assets or the liabilities of the Debtors. It is further

ORDERED that the best interests of the Debtors' creditors and their estates would be served by joint administration of these cases.

Signed on 07/13/2010

_Brenda T. Rhoades_ SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE