

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MIRA VISTA VILLAS, L.L.C., | § | CASE NO. 10-42223-11 |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| | § | |
| MIRA VISTA OAK GATE, L.L.C., | § | CASE NO. 10-42224-11 |
| | § | |
| Debtor. | § | Jointly administered under |
| | § | CASE NO. 10-42223-11 |

## FINAL ORDER GRANTING EMERGENCY MOTION FOR AN INTERIM AND FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, IF ANY, PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(B) AND (II) GRANTING ADEQUATE PROTECTION TO THE PRE-PETITION SECURED LENDER

Before the Court is Mira Vista Villas, LLC's and Mira Vista Oak Gate, LLC's (together, the "Debtors") *Emergency Motion for Interim and Final Orders (I) Authorizing the Use of Cash Collateral, if Any, Pursuant to Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(B) and (II) Granting Adequate Protection to the Pre-Petition Secured Lender* (the "Motion"), [Docket No. 7]. The Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 157; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the arguments and statements made on the record by the parties at the first interim hearing on the Motion on July 14, 2010 at 9:30 a.m. before this Court (the "Interim Hearing") and having reviewed the Objection filed by CF CB Lender, LLC (the "Lender") ("Objection") [Docket No.

30], and the Reply and Brief in Support of the Reply filed by the Debtors [Docket No. 31], and the arguments and evidence presented on the record at the final hearing thereon held on July 20, 2010 at 10:30 a.m., (the "Final Hearing"), the Court hereby finds:

1. The Ranch currently generates rents from tenants (the "Rents").

2. The Deed of Trust did not absolutely assign the Rents to the Lender. The transaction at issue has characteristics of an absolute assignment, but has more characteristics of an assignment for security purposes. The Deed of Trust therefore creates a collateral assignment of the Rents to the Lender.

3. With respect to the real property owned by the Debtors, such property is property of the estate as defined in 11 U.S.C. § 541. Section 541(a)(6) of the Bankruptcy Code provides that all proceeds and rents from the use of property of the estate is also property of the estate.

4. The Court finds a correlation between 11 U.S.C. § 541(a)(6) and § 552. Section 541 provides that all proceeds and rents from use of property of the estate are property of the estate. Section 552 governs the respective rights of the parties in those rents.

5. Congress has determined that this Court has exclusive jurisdiction over all property of the estate.

6. The Supremacy Clause governs and is operative with respect to the Lender's rights to the Rents.

7. Because the Rents were not absolutely assigned to the Lender, the issue before the Court is one of cash collateral use. It is therefore,

**ORDERED**, that Motion is GRANTED on a final basis as set forth herein. It is further,

**ORDERED**, that the cash generated by the Debtors post-petition from the use of the Ranch, including Rents collected from any lease of the Ranch, are property of the estate pursuant to 11 U.S.C. § 541(a)(6), and thus are available for use by the Debtors as cash collateral pursuant to the applicable provisions of the Bankruptcy Code; it is further

**ORDERED**, that for the purposes of the Motion, the Rents are the Lender's cash collateral, it is further

**ORDERED**, that the Court did not find that the Lender made a showing necessary to grant any adequate protection payments at this time, as such no such payments shall be due to the Lender at this time and the Debtors are allowed to retain possession of all Rents so long as none are expended outside of the Budgets as approved by this Order; however, nothing herein shall prejudice Lender from seeking by a subsequent motion adequate protection payments or any other form of adequate protection to which Lender may be entitled. It is further

**ORDERED**, that the Debtors may use the Rents received from tenants of the Ranch in conformity with the budget for July 20, 2010 through July 31, 2010 (the "Stub Budget"), and the monthly budget for all months during for the remainder of the above captioned bankruptcy cases (the "Monthly Budget," together with the Stub Budget, the "Budget") attached to this Final Order as **Exhibit "A"**. The Debtors may use Rents only up to the amounts shown for each line item in the Budget, except Debtors may exceed any line item amount with respect to amounts due for each respective month up to 10% of such item, but only on the condition that total expenditures do not exceed 5% of the amount of the Budget or as may otherwise be agreed in writing by Lender and the Debtors. It is further,

FINAL ORDER GRANTING EMERGENCY MOTION FOR AN INTERIM
AND FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL,
IF ANY, PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(B) AND (II)
GRANTING ADEQUATE PROTECTION TO THE PRE-PETITION SECURED LENDER - Page 3 of 8

**ORDERED**, that the line items shown in the Budget for taxes and insurance shall be paid to Lender to be held in escrow for insurance premiums and taxes. It is further,

**ORDERED**, that the Debtors' failure to comply with the material terms of this Order shall constitute an event of default under this Order. If the Debtors fail to cure any event of default under this Order after the expiration of five (5) business days after delivery of written notice to the Debtors' attorney and Debtors, to be delivered by email and/or fax, and first class U.S. mail, the following shall immediately occur:

a. The Debtors' authority under this Order to use Rents shall automatically terminate, and

b. The Debtors agree to an emergency hearing on a motion by the Lender for relief from the automatic stay of 11 U.S.C. § 362. It is further,

**ORDERED**, that to secure the Debtors' indebtedness to Lender, and solely to the extent of any diminution in the value of the interest of Lender in its property or collateral because of the Debtors' use of Rents during the term of this Order, Lender is hereby granted replacement liens and security interests, in addition to the liens and security interests in property of the Debtors in which Lender held a perfected security interest or lien when this case commenced, in the cash generated by the use of the Debtors; real property that is not Rents, including, without limitation, such vending income as described in the testimony given by the Debtors' representative at the Interim Hearing. These replacement liens are granted only to the extent that the Lender holds a valid, enforceable, fully perfected and unavoidable pre-petition lien in and on such property; provided however, that nothing herein shall provide to the Lender a lien on causes of action arising under chapter 5 of the Bankruptcy Code. These replacement liens shall be subject to all validly perfected pre-petition liens including, but not limited to, statutory liens for

unpaid real estate taxes. To the extent that any applicable non-bankruptcy law would restrict the granting, perfection, enforceability, or attachment of the liens and security interest authorized or created by this paragraph, or otherwise would impose filing restrictions or requirements with respect to such replacement liens or new liens, such law is pre-empted to the maximum extent permitted by the Bankruptcy Code, or other federal law, and the judicial power of the United States Government. It is further,

**ORDERED**, that any Rental Income held or received by the Debtors in excess of Rents necessary to pay the items shown on the Budget shall be held by the Debtors and not used for any purpose until further order of the Court unless otherwise agreed to in writing by Lender and the Debtors. It is further,

**ORDERED**, that the Debtors shall maintain insurance on Lender's collateral (the Ranch) naming Lender as an additional insured, and shall promptly provide Lender with a copy of all such policies and endorsements. It is further,

**ORDERED**, that the Debtors shall reasonably cooperate and provide reasonable assistance and access to Lender's appraiser if Lender seeks to have an appraisal performed on real property of the Debtors and the Debtors shall provide any such appraiser with data about such real estate which the appraiser may reasonably need, such as rent income, leases, building expenses and taxes, so long as such requests do not disturb the normal operation of the Ranch, fall within normal business hours, or cause the incurrence of fees and/or expenses that would exceed the Budget. It is further,

**ORDERED**, that the Debtors shall provide reasonable access to its books and records to Lender for inspection during normal business hours and Lender may inspect and copy such records with five days prior notice to Debtor's counsel. It is further,

**ORDERED**, that the Debtors shall provide to Lender reasonable access to the Apartment Property for visual inspection during normal business hours, and any such inspection shall not be in any way disruptive of normal tenant use and enjoyment of the property and shall not occur more than once per month. It is further,

**ORDERED**, that the Debtors shall not renew any existing tenant leases sooner than 60 days before such lease's termination and then such renewal shall not be on terms any less favorable to the Debtors than presently exist with respect to the renewed lease. It is further,

**ORDERED**, that the Debtor shall not enter into any new tenant leases or renewal tenant leases which have terms materially different than tenant leases executed prior to the petition date. It is further,

**ORDERED**, that any objection the Debtor could raise as to the validity, perfection and first lien priority (inferior only to liens for unpaid real estate taxes) of Lender's lien in the Ranch and the validity, or priority or the amount of outstanding debt as of the commencement of these bankruptcy cases shall be forever waived on a final basis unless the Debtors initiate an appropriate proceeding to contest Lender's lien perfection, validity, or priority or the outstanding debt amount owed by the Debtors to Lender as of the commencement of these cases before September 6, 2010. It is further,

**ORDERED** that the terms of this Order shall in no way prejudice any (i) subsequent trustee, (ii) statutory committee or (iii) any party in interest that would otherwise have standing,

FINAL ORDER GRANTING EMERGENCY MOTION FOR AN INTERIM
AND FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL,
IF ANY, PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(B) AND (II)
GRANTING ADEQUATE PROTECTION TO THE PRE-PETITION SECURED LENDER - **Page 6 of 8**

to contest the pre-petition interests of Lender in property of the Debtors and the amounts of the Debtors' indebtedness to Lender. It is further,

**ORDERED**, that the line item in the Budget regarding "Legal Fee Reserve" shall accrue but shall not be used for any purpose absent further order of the Court. It is further

**ORDERED**, that nothing herein grants a carve-out of any of Lender's collateral for the purpose of paying Debtors' legal fees; however, nothing herein prohibits a request of such carve-out including seeking payment from the "Legal Fee Reserve" pursuant to further motion filed with this Court. It is further

**ORDERED**, that this Order shall in no way prejudice Lender from seeking relief from the stay, requesting adequate protection beyond what is granted in this Order, or seeking any further relief from this Court. It is further,

**ORDERED**, that the Court shall retain jurisdiction over this Order and any relief granted herein.

Signed on 7/26/2010

*Brenda T. Rhoades*  SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

By: /s/ Vickie L. Driver
    Vickie L. Driver
    State Bar No.: 24026886
COFFIN & DRIVER, PLLC
7557 Rambler Road, Suite 110
Dallas Texas 75231
Telephone: 214-377-4848
Fax: 214-377-4858

Counsel for the Debtors


Agreed to as to form by:



By: /s/ Jason Rodriguez
    Timothy J. Vineyard, Sr.
    State Bar No. 20587000
    Jason T. Rodriguez
    State Bar No. 24042827
HIGIER ALLEN & LAUTIN, P.C.
5057 Keller Springs Road, Suite 600
Addison, Texas 75001-6231
Telephone: (972) 716-1888
Facsimile: (972) 716-1899

Counsel for CF CB Lender, LLC

# Mira Vista Ranch
## Budget for July 20, 2010 thru July 31, 2010

| Category Name | July 19 - 31 |
|---|---:|
| Other Income | 2,148.00 |
| Rent | 87,310.00 |
| **Total Income** | 89,458.00 |
| | |
| **Expenses** | |
| Adminstrative/Office | 1,500.00 |
| Contract Labor | 3,900.00 |
| Emergency Maint Reserve | 2,000.00 |
| Fees | 194.00 |
| Insurance Escrow | 700.00 |
| Maintenance Supplies | 4,000.00 |
| Management Fee | 3,200.00 |
| Marketing | 2,500.00 |
| Payroll | 12,500.00 |
| Tax Escrow | 18,700.00 |
| Utilities | 5,700.00 |
| Utility Deposits | 4,199.00 |
| **Total Property Expenses** | 54,894.00 |
| | |
| 12 out of 31 days | |

p/s
2

7/19/2010

# Mira Vista Ranch - Monthly Budget for 2010

| Category Name | Monthly 2 Pay Periods | Monthly 3 Pay Periods |
|---|---:|---:|
| Income | | |
| Other Income | 5,000.00 | 5,000.00 |
| Rent | 218,000.00 | 218,000.00 |
| **Total Income** | **223,000.00** | **223,000.00** |
| | | |
| Expenses | | |
| Contract Labor | 6,000.00 | 6,000.00 |
| Emergency Repair Reserve | 2,000.00 | 2,000.00 |
| Fees | 500.00 | 500.00 |
| Human Resources | 27,200.00 | 37,200.00 |
| Insurance Escrow | 1,400.00 | 1,400.00 |
| Legal Fees | 10,000.00 | 10,000.00 |
| Maintenance Supplies | 4,500.00 | 4,500.00 |
| Make Ready | 10,000.00 | 10,000.00 |
| Management Fee | 6,600.00 | 6,540.00 |
| Marketing | 5,000.00 | 5,000.00 |
| Administrative/Office | 2,040.00 | 3,946.00 |
| Petty Cash | 200.00 | 200.00 |
| Tax Escrow | 38,400.00 | 38,400.00 |
| US Trustee Fee | 1,625.00 | 1,625.00 |
| Utilities | 14,465.00 | 14,465.00 |
| **Total Property Expenses** | **129,930.00** | **141,776.00** |

7/19/2010